# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 7, 2013

## STATE OF TENNESSEE EX REL. SUZANNA R. PHILLIPS (BOBBITT) v. ANTHONY PHILLIPS

**Appeal from the Chancery Court for Monroe County**
**No. 12562      Jerri S. Bryant, Chancellor**

---

**No. E2012-01957-COA-R3-CV-FILED-APRIL 30, 2013**

---

This appeal concerns an overcollection of child support by the State in a Title IV-D matter. Anthony Phillips ("Father") and Suzanna R. Phillips ("Mother") divorced, and Father was ordered to pay child support. Later, Father's child support obligation was suspended on account of his disability status. The State of Tennessee ("the State") garnished Father's Social Security checks to satisfy an arrearage. The Chancery Court for Monroe County ("the Trial Court") found that Father had paid his arrears and, in fact, had overpaid. The Trial Court ordered the State to reimburse Father the overpayment and to pursue Mother for the overpayment sum. The State appeals, arguing that the Trial Court lacked authority because of the State's sovereign immunity to render such an order. We affirm as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, and, Warren Jasper, Senior Counsel, for the appellant, the State of Tennessee *ex. rel.* Suzanna R. Phillips.

Anthony Phillips, pro se appellee.[1]

---

[1]Mr. Phillips did not submit a brief on appeal.

# OPINION

## Background

Mother and Father were divorced in September 1999. At that time, Father was ordered to pay child support for the parties' two minor children in the amount of $117.00 per week. Subsequently, Mother filed several petitions in the Trial Court to enforce child support. In March 2002, the Trial Court entered an order suspending Father's child support obligations and ordering that $175 per month be garnished from Father's Social Security check to satisfy his arrears.

Father filed a petition of his own in 2012 seeking a reduction in child support based on his disability. In March 2012, the Trial Court entered an order stating, in relevant part:

> [U]pon [Father's] filing of a Petition for Modification of Child Support . . . After hearing the testimony of all parties, and the evidence in this cause, the Court ORDERS: 1.) That the support should be stopped. The Court stopped child support in March 11, 2002. All arrears have been paid. There is an overpayment of $1,521.00 which shall be refunded to Mr. Phillips by Child Support Services. In addition, the Court ORDERS Child Support Services to stop garnishment of Mr. Phillips' Social Security.

(formatting modified). The State filed a motion to set aside the Trial Court's March 2012 order, arguing among other things that, despite it having maintained the parties' child support case as a Title IV-D matter, it was not properly notified of the hearing. The Trial Court heard the State's motion and entered an order finding and holding:

> This cause came for hearing on the 16th day of August, 2012 before the Honorable Chancellor Jerri S. Bryant upon the State of Tennessee, Department of Human Services, Child Support Services of Tennessee's Motion to Set Aside Order. In considering this Motion, the court heard oral argument and reviewed the following documents:
>
> 1. The State of Tennessee, Department of Human Services, Child Support Services of Tennessee's Brief;
> 2. The other papers and pleadings on file in this action.
>
> Based on the argument of counsel and the evidence presented, the court finds and concludes:

1. The State of Tennessee, Department of Human Services, Child Support Services of Tennessee, wrongfully took funds from Petitioner Anthony Phillips' account in the amount of 2,496.00 and paid Respondent Suzanna Phillips (Bobbitt) the amount of $1,989.00. Child Support Services of Tennessee disbursed the funds collected on Respondent's behalf to Respondent from November 2011 until February 2012 in the amount of $1,482.00.
2. The State of Tennessee refunded petitioner $507.00, check number 44541387, on April 19, 2012. Petitioner is entitled to a reimbursement of child support. T.C.A. §36-5-101 (a)(7) as raised by the State does not apply. The State must reimburse these funds and should pursue obtaining the $1,989.00 wrongfully paid to Ms. Phillips (Bobbitt).

Based on the above findings, it is ORDERED:

1. The State of Tennessee, Department of Human Services, Child Support Services of Tennessee's Motion is hereby denied.
2. Ms. Phillips (Bobbitt) shall reimburse Petitioner or Child Support Services the amount of $1,989.00.
3. Costs associated with this action are taxed to Child Support Services of Tennessee.

The State filed a timely appeal to this Court.

## Discussion

Though not stated exactly as such, the State raises one issue on appeal: whether the Trial Court erred in ordering the State to reimburse the excess funds collected by the State as child support from Father and to pursue Mother for reimbursement of this overcollection of child support.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The State argues that sovereign immunity barred the Trial Court from ordering reimbursement by the State for the State's overcollection as to Father's child support arrears. This Court previously has discussed sovereign immunity:

> At common law, the doctrine of sovereign immunity provided an impenetrable barrier protecting state and local governments from suits for money damages. The original framers of our Constitution recognized that justice and good policy might require exceptions to this rule, *Hembree v. State*, No. 01A01-9306-BC-00279, 1995 WL 50066, at *2 (Tenn. Ct. App. Feb. 8, 1995), *aff'd*, 925 S.W.2d 513 (Tenn.1996). Accordingly, they provided in Tenn. Const. art. I, § 17 that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Because Tenn. Const. art. I, § 17 is not self-executing, the General Assembly has the exclusive constitutional prerogative to establish the procedures for making monetary claims against the State. *General Oil Co. v. Crain*, 117 Tenn. 82, 89, 95 S.W. 824, 826 (1906); *Williams v. Register*, 3 Tenn. (1 Cooke) 213, 217 (1812).

*White v. State ex. rel. Armstrong*, No. M1999-00713-COA-R3-CV, 2001 WL 134601, at *3 (Tenn. Ct. App. Feb. 16, 2001), *no appl. perm. appeal filed*.

> This principle has been codified in statute:

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Tenn. Code Ann. § 20-13-102 (a) (2009).

In *White*, a father asked the juvenile court to order the State and the child's mother to reimburse him for child support payments he made following a legitimation order. 2001 WL 134601, at *1. The father initially had not contested paternity, but later learned from a genetic test that he was not the child's father and eventually was granted relief from the legitimation order. *Id*. The juvenile court held that it lacked jurisdiction to order reimbursement. *Id*. On appeal, we affirmed the juvenile court, holding that juvenile courts were not empowered to give the kind of relief sought by father, and that sovereign immunity barred such relief. *Id*. at **3-4. In *White*, we cited from statutory language regarding repayment of child support:

The state of Tennessee, its officers, employees, agents or contractors, any counties, county officials, the clerks of any court, or any Title IV-D child support enforcement agency shall not be liable, in any case, to compensate any person for repayment of child support paid or for any other costs, as a result of the rescission pursuant to § 24-7-113 of any voluntary acknowledgment, or the rescission of any orders of legitimation, paternity, or support.

Tenn. Code Ann. § 36-5-101 (a)(7) (2010).

In its brief, the State argues: "While this lawsuit was not brought for the purposes of receiving a damages payment or other such payment from the state's treasury, the order for reimbursement of an overpayment of child support is designed to reach the state's treasury for satisfaction of the payment." We disagree with the State's characterization of this case.

First, we note some distinctions between this case and *White*, a case the State did not cite but which shares certain similarities with the instant appeal. In *White*, the juvenile court was involved, whereas the Trial Court of the instant case is a chancery court. Moreover, Tenn. Code Ann. § 36-5-101 (a)(7), with its prohibition on repayment as a result of, *inter alia*, rescission of a legitimation order, is not applicable here as was noted by the Trial Court in its order. Rather, this is a case where the State simply garnished too much money from Father's Social Security checks.

The Trial Court acted within its authority to order the State to reimburse Father. Father did not set out to reach the Treasury by means of a lawsuit for money damages. We find no law supporting the State's argument, in effect, that if the State garnishes too much money from an individual in a Title IV-D child support matter, a trial court is prohibited from rectifying that overcollection under circumstances such as those of this appeal. We observe that nowhere in the State's brief does the State dispute that Father's checks were garnished in excess of what they should have been. Father is not attempting to reach the State's treasury as argued by the State, but, rather, is attempting only to recover his property, the overpayment, from the State's possession.

We also note that there are potential constitutional problems with the State's position. As this Court has stated:

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process

of law...." Article I, section 8 of the Tennessee Constitution states that "no man shall be... deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." The phrase "law of the land" is synonymous with the phrase "due process of law" found in the Fourteenth Amendment. *State v. Hale*, 840 S.W.2d 307, 312 (Tenn. 1992).

*C.S.C. v. Knox County Bd. of Educ.*, No. E2006-00087-COA-R3-CV, 2006 WL 3731304, at *9 (Tenn. Ct. App. Dec. 19, 2006), *no appl. perm. appeal filed.*

Here, Father was not deprived of his property, the overpayment, by either a judgment of his peers or the law of the land. While the garnishment itself was done pursuant to law, the overcollection by the State was nothing more or less than a mistake not done pursuant to the law of the land. Father is entitled to have his property, the overpayment, returned to him.

The Trial Court also ordered the State to pursue Mother for the overpaid funds. The best we can tell from the record, no party requested any such specific action by the Trial Court. We find no authority for the Trial Court to order the State to pursue Mother. We modify the judgment of the Trial Court such that the State is not required to pursue Mother for any overpayment returned to Father. We affirm the judgment of the Trial Court as so modified.

## **Conclusion**

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the State of Tennessee *ex. rel.* Suzanna R. Phillips.

_____
D. MICHAEL SWINEY, JUDGE